IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-258-D
No. 5:11-CV-367-D

| | |
|---|---|
| RODNEY EARL CANNADY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

On July 7, 2011, Rodney Earl Cannady ("petitioner" or "Cannady"), a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 41]. On August 16, 2011, the United States ("respondent" or "government") moved under Rule 12(b)(6) to dismiss Cannady's motion [D.E. 45]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Cannady of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 47]. On September 7, 2011, Cannady responded in opposition to the government's motion [D.E. 48]. On March 15, 2012, Cannady moved to amend his section 2255 motion [D.E. 49]. On April 17, 2012, Cannady moved for a second time to amend his section 2255 motion [D.E. 50]. As explained below, the court denies Cannady's motions to amend and grants the government's motion to dismiss.

I.

On September 4, 2008, a grand jury indicted Cannady and charged him with one count of possessing with the intent to distribute fifty grams or more of cocaine base and a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1) [D.E. 1]. The indictment also alleged that

Cannady had one prior conviction for a felony drug offense. Id. On November 17, 2008, pursuant to a written plea agreement, Cannady pleaded guilty [D.E. 16, 17]. On March 25, 2009, the court sentenced Cannady to 384 months' imprisonment [D.E. 23, 25]. On April 3, 2009, Cannady filed notice of appeal [D.E. 24]. On appeal, Cannady argued that his Rule 11 colloquy was improper because it was conducted jointly with other defendants and that his sentence was unreasonable. See United States v. Cannady, 384 F. App'x 253, 253 (4th Cir. 2010) (per curiam) (unpublished). On June 23, 2010, the Fourth Circuit rejected Cannady's challenges and affirmed Cannady's conviction and sentence. See id. at 254.

In his section 2255 motion, Cannady contends that he received ineffective assistance of trial and appellate counsel. See Mot. Vacate [D.E. 41] 4–14. Cannady alleges that his trial counsel was deficient in (1) failing to move to suppress evidence seized as a result of a vehicle stop, id. 4, (2) failing to move to dismiss the indictment, see id. 5, 13, (3) forcing Cannady to accept a plea agreement, id. 9, (4) failing to timely withdraw, id. 11, (5) not notifying Cannady that he would be subject to a sentencing enhancement pursuant to 21 U.S.C. § 851, id. 12, (6) failing to investigate and challenge at sentencing Cannady's prior convictions, id. 13, and (7) failing to inform Cannady that he could not withdraw his guilty plea. Id. 14. Cannady alleges that his appellate counsel was deficient in (1) refusing to argue that his trial counsel was unreasonable in not moving to suppress evidence seized as a result of a vehicle stop, id. 7, (2) refusing to argue that his trial counsel was unreasonable in not moving to dismiss the indictment, id. 8, and (3) including "personal and political" arguments in Cannady's appellate brief to the Fourth Circuit. Id. 10.

Cannady moves to amend his section 2255 motion to add the claim that, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the court improperly sentenced Cannady pursuant to 21 U.S.C. § 851. See Mot. Amend [D.E. 49] 1; 2d Mot. Amend [D.E. 50] 3–5. In his

2

second motion to amend, Cannady contends (again) that his trial counsel erred in not filing a motion to suppress and that his trial counsel forced him to accept the plea agreement. See 2d Mot. Amend. 5–8.

## II.

First, the court addresses Cannady's motions to amend his section 2255 motion to add a claim that, in light of Simmons, the court improperly sentenced Cannady under 21 U.S.C. § 851. See Mot. Amend 1; 2d Mot. Amend 3–5. A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires[,]" id., the court need not grant a plaintiff leave to amend when "the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quotation omitted). Because Cannady's motion to amend was not filed within 21 days after service of the government's Rule 12(b)(6) motion, Cannady must obtain the government's written consent or leave of court to amend his section 2255 motion. See Fed. R. Civ. P. 15(a). The government has not provided written consent for Cannady to amend his section 2255 motion.

The court declines to grant Cannady leave to amend his section 2255 motion because his amendment would be futile. See Edwards, 178 F.3d at 242. Cannady contends that the court erred by imposing a sentencing enhancement based on a conviction for which Cannady received a suspended sentence of eleven to fourteen months. See 2d Mot. Amend 3–5; Atts. [D.E. 50-1] 2. Cannady argues that, under Simmons, the court should look to his actual custodial sentence when determining whether the conviction qualifies as a predicate felony. See id. Cannady is mistaken.

In United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012) (per curiam) (unpublished), the Fourth Circuit held that, under Simmons, "the actual sentence imposed is irrelevant; rather the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment." Id. Thus, Cannady's conviction qualifies as a predicate felony because he "was subject to a potential sentence of greater than one year of imprisonment." Id. Accordingly, Simmons provides no relief to Cannady, and his motion to amend is denied as futile.

III.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether a complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677–84 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). Although a court "assume[s] the facts alleged in the complaint are true and draw[s] all reasonable factual inferences in [plaintiff's] favor," Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002), a court need not accept a complaint's legal conclusions drawn from the facts. See Iqbal, 556 U.S. at 677–80. Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–80.

The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam); Smith v. Murray, 477 U.S. 527,

4

535–36 (1986); Strickland v. Washington, 466 U.S. 668, 686 (1984); Gardner v. Florida, 430 U.S. 349, 358 (1977). Cannady contends that he received ineffective assistance of counsel at both the trial level and the appellate level. See Mot. Vacate 4–15.

A.

To prevail on a claim of ineffective assistance of trial counsel, a party must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687. Counsel's performance is deficient when counsel's representation falls "below an objective standard of reasonableness in light of prevailing professional norms." Van Hook, 130 S. Ct. at 16 (quotation omitted); see Strickland, 466 U.S. at 688. When determining whether counsel's representation was "objectively unreasonable," a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. A party must also show that counsel's deficient performance prejudiced the party. Id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

First, Cannady alleges that his trial counsel was objectively unreasonable in failing to move to suppress evidence seized as a result of a vehicle stop. See Mot. Vacate 4; see also Mem. Supp. Mot. Vacate [D.E. 42] 9–10. Cannady alleges that, on the night of his arrest, he was traveling as a passenger in Hurley Gallatin's vehicle, that the police stopped the vehicle, and that the police stated that the stop was because of a seatbelt violation. See [D.E. 42-1] 2–3. Cannady argues that because he and Gallatin were never cited for a seatbelt violation, the stop was pretextual and violated Cannady's Fourth Amendment rights. See Mot. Vacate 4. Cannady further alleges that his trial counsel erroneously explained to him that she would not file a motion to suppress because Cannady

5

"'[h]ad no right to challenge the search of another man's vehicle[.]'" Mem. Supp. Mot. Vacate 10.

The Fourth Amendment's protections extend only to items in which an individual has a reasonable expectation of privacy. See, e.g., United States v. Rusher, 966 F.2d 868, 874 (4th Cir. 1992). A passenger in another's car does not have a reasonable expectation of privacy in items found in the car. See, e.g., United States v. McNeil, 473 F. App'x 262, 262–63 (4th Cir. 2012) (per curiam) (unpublished); Rusher, 966 F.2d at 874–75; see also Rakas v. Illinois, 439 U.S. 128, 148–49 (1978). Cannady alleges that Hurley Gallatin was "the driver, owner, and operotor [sic] of the vehicle." [D.E. 42-1] 2; see Mot. Vacate 4 ("Defendant had been a mere passenger . . . ."). Accordingly, Cannady's trial counsel acted reasonably in declining to move to suppress the evidence seized as a result of the traffic stop. Likewise, Cannady has failed to demonstrate that his trial counsel's failure to file a motion to suppress prejudiced him.

Second, Cannady alleges that his trial counsel was objectively unreasonable in failing to move to dismiss the indictment. See Mot. Vacate 5, 13–14; see also Mem. Supp. Mot. Vacate 13–14.[1] Cannady first contends that the indictment was defective because it never charged Cannady with a seatbelt infraction. See Mot. Vacate 5. Cannady reasons that N.C. Gen. Stat. § 20-135.2A, which mandates that vehicle occupants wear seatbelts, obligates the United States to charge a state-law seatbelt infraction in a federal criminal indictment. See Mem. Supp. Mot. Vacate 13–14. Cannady's contention concerning the seatbelt violation is ridiculous, and Cannady's trial counsel acted reasonably in not moving to dismiss the indictment on this ground. Cannady also contends that the indictment was defective because it did not include "statute penalty codes," "a specific drug

---

[1] In his section 2255 motion, Cannady challenges his trial counsel's failure to move to dismiss the indictment in two separate claims (claims two and ten). See Mot. Vacate 5, 13. Because claims two and ten are related, the court addresses them together.

6

quant[ity]" of oxycodone, and the "grand jury foreman[']s signature." Mot. Vacate 13–14. These contentions also lack merit. The indictment accurately cited all pertinent statutes. See [D.E. 1]. In addition, because Cannady was charged with possessing fifty grams or more of cocaine base and received a sentence below the statutory maximum set forth in 21 U.S.C. § 841(b)(1)(A), the indictment did not need to set forth a specific drug weight of oxycodone. See, e.g., United States v. Grin, 64 F. App'x 885, 886 (4th Cir. 2003) (per curiam) (unpublished); Brown v. United States, No. Civ.103CV111, 199CR75-2, 2006 WL 533748, at *2–3 (W.D.N.C. Mar. 3, 2006) (unpublished). Furthermore, the indictment was signed by the grand jury foreman; the signature was just redacted pursuant to the E-Government Act of 2002, which does not constitute a defect in the indictment. See Arnold v. United States, Nos. 1:10CV892, 1:08CR322-1, 2012 WL 3265009, at *2 (M.D.N.C. Jan. 31, 2012), report adopted by 2012 WL 3265007 (M.D.N.C. Aug. 9, 2012) (unpublished); United States v. Dirr, No. 3:08-CR-42, 2009 WL 2169871, at *6 (E.D. Tenn. July 21, 2009) (unpublished); see also Hobby v. United States, 468 U.S. 339, 345 (1984) ("[T]he absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."). Cannady has failed to allege a defect in the indictment; therefore, he has failed to allege that his trial counsel acted unreasonably in failing to move to dismiss the indictment. Moreover, Cannady has failed to plausibly allege that the failure to move to dismiss the indictment prejudiced him.

Third, Cannady alleges that his trial counsel was objectively unreasonable in forcing Cannady to accept a plea agreement. See Mot. Vacate 9. Specifically, Cannady argues that, because his trial counsel refused to move to suppress the evidence seized from the vehicle stop, his trial counsel effectively coerced him into accepting the plea agreement. See id; Mem. Supp. Mot. Vacate 22–23. Cannady's allegation of coercion, however, is contradicted by his own sworn statements and the court's independent findings made during Cannady's Rule 11 colloquy. See Rule 11 Tr. [D.E. 31]

7

13 (Cannady declines opportunity to notify the court that he was dissatisfied with his trial counsel's services), 18 (Cannady confirms that nobody had "threatened ... or forced [him] in any way to plead guilty"), 24 (court finds that Cannady's plea "was freely and voluntarily" given). Absent compelling evidence to the contrary, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established." United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Thus, the court rejects Cannady's assertion that his trial counsel coerced him (effectively or otherwise) into accepting the plea agreement. See id.

Fourth, Cannady alleges that his trial counsel was objectively unreasonable in failing to timely withdraw. See Mot. Vacate 11. The sentencing transcript, however, belies Cannady's assertion. After his sentencing hearing was well underway, Cannady notified the court for the first time of his dissatisfaction with his trial counsel. See Sent'g Tr. [D.E. 29] 19–27. After inquiring into Cannady's complaints, the court denied Cannady's motion to permit his attorney to withdraw because the court found Cannady's grievance to be untimely and that there was not a total lack of communication between Cannady and his trial counsel. See id.; see also United States v. Mullen, 32 F.3d 891, 895–98 (4th Cir. 1994). At the sentencing hearing, the court concluded that Cannady's belated complaint was little more than an attempt to manipulate the proceedings. See Sent'g Tr. 23–24.

The record shows that Cannady's trial counsel acted reasonably in not seeking to withdraw until Cannady tried to fire her at the sentencing hearing. Trial counsel also acted reasonably once Cannady decided to keep her as counsel. Moreover, Cannady was not prejudiced because Cannady's trial counsel ably represented him throughout his criminal case, including the sentencing hearing. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977) (noting that a court may rely

8

on its own familiarity with the case when analyzing an ineffective-assistance claim). Thus, the claim fails.

Fifth, Cannady alleges that his trial counsel was objectively unreasonable in not providing him "with any papers explaining that he was subject to [a section] 851 enhancement." Mot. Vacate 12. A defendant cannot receive an enhanced sentence under 21 U.S.C. § 851 based on prior convictions "unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1); see, e.g., United States v. Wheeler, 317 F. App'x 298, 300 (4th Cir. 2008) (per curiam) (unpublished). Cannady, however, received an enhanced advisory guideline range due to his status as a career offender under U.S.S.G. § 4B1.1. See PSR ¶ 71. He did not receive an enhanced sentence under 21 U.S.C. § 841 or § 851. Moreover, sections 841 and section 851 do not require that Cannady be informed of all the predicate convictions underlying his designation as a career offender under section 4B1.1. See United States v. Anderson, 387 F. App'x 325, 326 (4th Cir. 2010) (per curiam) (unpublished); United States v. Foster, 68 F.3d 86, 89 (4th Cir. 1995). Thus, Cannady's trial counsel acted reasonably. Moreover, Cannady cannot show prejudice.

Sixth, Cannady claims that his trial counsel was objectively unreasonable in failing to challenge Cannady's prior convictions at sentencing. See Mot. Vacate 13. Cannady, however, does not plausibly allege that the information about his prior convictions was inaccurate. Accordingly, Cannady's empty assertion fails. Cf. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) ("Without an affirmative showing the information is inaccurate, the court is free to adopt the findings of the [presentence report] without more specific inquiry or explanation." (quotation omitted)).

Likewise, Cannady does not plausibly allege that he was prejudiced by his trial counsel's failure to challenge his prior convictions.

Seventh, Cannady alleges that his trial counsel was objectively unreasonable in failing to inform Cannady that he could not withdraw his guilty plea. See Mot. Vacate 14. Both the government and the court informed Cannady that he could not withdraw his guilty plea between the time it was tendered and accepted and the time of sentencing. See [D.E. 15, 17] ¶ 3(c) (plea agreement); Rule 11 Tr. 8. In addition, Cannady twice stated under oath in open court that he understood that he could not withdraw his guilty plea after it was tendered and accepted. See id. 20–21. Thus, even assuming Cannady's trial counsel failed to inform Cannady that he could not withdraw his guilty plea (and this failure was objectively unreasonable), Cannady was not prejudiced.

B.

To prevail on a claim of ineffective assistance of appellate counsel, a party must show that counsel's representation was objectively unreasonable and that a reasonable probability exists that, but for counsel's error, he would have prevailed on his appeal. See Smith v. Robbins, 528 U.S. 259, 285–86 (2000). Appellate counsel is not required to assert all non-frivolous issues on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal." Id. at 288. "[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Murray, 477 U.S. at 536 (quotation omitted).

Cannady's first and second claims of ineffective appellate counsel are based on Cannady's contention that his appellate counsel was objectively unreasonable in refusing to argue that Cannady's trial counsel provided ineffective assistance. See Mot. Vacate 7–8. Specifically,

10

Cannady contends that his appellate counsel should have argued that his trial counsel was objectively unreasonable in not moving to suppress the evidence seized from the vehicle stop, see id. 7, and not moving to dismiss the indictment. See id. 8. However, Cannady's contentions about his trial counsel's ineffective assistance with respect to the motion to suppress and motion to dismiss the indictment lack merit, and Cannady's appellate counsel was not required to assert meritless issues on appeal. See, e.g., Robbins, 528 U.S. at 288; Murray, 477 U.S. at 536; Carter v. Lee, 202 F.3d 257, 1999 WL 1267353, at *11–12 (4th Cir. 1999) (unpublished table decision). In addition, a claim of ineffective assistance of counsel is generally not cognizable on direct appeal. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); see, e.g., United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." (internal quotation marks omitted)). Accordingly, Cannady's appellate counsel reasonably declined to raise on direct appeal Cannady's assertions that he received ineffective assistance from his trial counsel. Alternatively, Cannady's allegations do not suggest that, but for his appellate counsel having abandoned these issues, Cannady would have prevailed on appeal. See Robbins, 528 U.S. at 285–86.

Next, Cannady asserts that his appellate counsel was objectively unreasonable in inserting "personal and political" arguments in Cannady's appellate brief. Mot. Vacate 10. Cannady asserts that his appellate counsel "inflamed" the Fourth Circuit panel by arguing in the appellate brief,

> The United States, "the land of the free," is the home of the detained, the imprisoned, and the incarcerated as nowhere else in the documented history of the planet omitting, of course, the Russian Gulag and the German concentration camps. It is hardly flattering to our system of justice that our prison population is exceeded only by reference to lawless regimes led by the morally bankrupt.

11

Appellant Br., United States v. Cannady, No. 09-4339, [D.E. 35] at 9 (4th Cir. Sept. 25, 2009); see Mot. Vacate 10. The decision to include this argument in the brief was tactical, and a defendant's disagreement with his counsel's tactical decision cannot be the basis of a claim of ineffective assistance of counsel. See, e.g., Strickland, 466 U.S. at 690–91; United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) ("Under the first prong of Strickland, we apply a 'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" (quoting Strickland, 466 U.S. at 689)). Moreover, Cannady has not plausibly alleged that he was prejudiced by his appellate counsel's tactical decision. In affirming Cannady's conviction and sentence, the Fourth Circuit was not "inflamed." Rather, the Fourth Circuit applied well-established law to the clear facts of the case. See Cannady, 384 F. App'x at 253–54.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds that reasonable jurists would not find the court's treatment of any of Cannady's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

IV.

In sum, the court DENIES Cannady's motions to amend [D.E. 49, 50], GRANTS the government's motion to dismiss [D.E. 45], DISMISSES Cannady's motion to vacate [D.E. 41], and DENIES a certificate of appealability. The Clerk of Court shall close the case.

SO ORDERED. This 22 day of October 2012.

JAMES C. DEVER III
Chief United States District Judge